### COUNTY OF ORLEANS v. WINCHESTER et al.

*(Supreme Court, General Term, Fifth Department. March, 1892.)*

POLICE JUSTICE—EXECUTION OF WARRANT BEYOND LIMITS OF VILLAGE.
  The charter of a village provided for the election of a police justice, who should have the same powers and authority in criminal proceedings as justices of the peace. By Code Crim. Proc. §§ 146, 147, "a police justice is a magistrate having power to issue a warrant for the arrest of a person charged with a crime." Under sections 155, 156, a warrant issued "by any other magistrate" than a justice of the supreme court and the judges of certain other courts "may be directed generally to any peace officer in the county in which it is issued, and may be executed in that county." *Held*, that a warrant issued by the police justice of said village for the arrest of a person charged with committing crime therein might be executed anywhere within the county, beyond the limits of the village.

Appeal from special term, Orleans county.

Action on a forfeited recognizance by the county of Orleans against Mary E. Winchester and Ira D. Watson. From a judgment for plaintiff, defendant Watson appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*H. B. Dayton*, for appellant.     *Whedon & Ryan*, for respondent.

LEWIS, J. The defendant Mary E. Winchester was arrested September 1, 1890, on a warrant issued by Morgan L. Brainard, police justice of the village of Medina. The warrant, and the deposition upon which it was issued, charged her with the crime committed within the village of Medina, of being a disorderly person, contrary to the provisions of the charter of the village. The village of Medina was incorporated by chapter 39 of the Laws of 1874, as amended by several acts subsequently passed. The arrest was made in the town in which Medina is situated, but outside the territorial limits of the village. The defendant Winchester was placed upon trial, and,.the case being adjourned, she as principal, and the defendant Ira D. Watson as surety, executed an undertaking to the people of the county of Orleans in the penal sum of $200, conforming substantially to section 738 of the Code of Criminal Procedure, conditioned that the defendant should appear at such police court from time to time until judgment. She failed to appear upon the adjourned day,

and the police justice declared the undertaking forfeited, and this action was commenced against the defendants to recover the amount of the penalty of the bond. A verdict was rendered for the plaintiff for the sum of $200, and judgment was entered against the defendants, and this appeal was taken from the judgment by Watson, and his contention is that, the arrest having been made outside of the village of Medina, the police court did not acquire jurisdiction to try the defendant, and hence had no authority to require the execution of the bond. Concededly, the police justice had jurisdiction of the subject-matter of the offense, and, had the arrest taken place in the village of Medina, his jurisdiction would not be questioned. The charter of the village provides for the election of a police justice, and declares that he shall possess the same powers and authority in all criminal proceedings as justices of the peace in the several towns of this state. His jurisdiction is limited to offenses committed in the village. Complaint having been made to him, as police justice, against the defendant, for violation of the village charter, he issued a warrant in proper form, directed to any peace officer of the county of Orleans, directing the arrest of the defendant. The peace officer who had authority to execute warrants in any part of the county, arrested the defendant outside of the limits of the village. The defendant was, at the time, a resident of the village.

"A police justice is a magistrate having power to issue a warrant for the arrest of a person charged with a crime." Sections 146, 147, Code Crim. Proc. Section 155 of the Code of Criminal Procedure provides that if a warrant be issued by a justice of the supreme court, or judge of the superior court, or court of common pleas, or a recorder, city judge, or judge of the court of general sessions in the city and county of New York, or by a county judge, or by a judge of the city court, it may be directed generally to any peace officer in the state, and may be executed by any of those officers to whom it may be delivered. It is provided by section 156 that, if it be issued by any other magistrate, it may be directed generally to any peace officer in the county in which it is issued, and may be executed in that county; or, if the defendant be in another county, it may be executed therein, upon the written direction of a magistrate of such other county indorsed upon the warrant, etc. The language of section 156 is sufficiently broad to give to Mr. Brainard authority to issue a warrant to be executed throughout the county of Orleans; and while it has been held in a number of cases that the legislature has not the power, under the constitution, to give to these local officers jurisdiction beyond the limits of the city or village in which they are elected, we are not aware of any authority holding that a criminal warrant issued by a police justice of a village or city may not be executed within the county, outside of the limits of the city or village. The place of arrest is not the test to apply in determining the power and jurisdiction of the court to hear and determine the guilt or innocence of the defendant, but it is the place where the offense was committed which confers the jurisdiction. The question is not as to the constitutionality of a law conferring jurisdiction upon the court to hear, try, and determine the guilt of the defendant of the offense charged, but rather as to the constitutional power of the legislature to authorize the police magistrate of a city or village, and other local magistrates specified in the Penal Code, to issue a warrant for the apprehension and arrest of a person charged with crime within their county, and to direct and authorize any peace officer of the county to make the arrest anywhere within the county. The charter of Medina does not limit the power of the peace officer to execute the warrant. The legislature has, from time to time, clothed officers not possessing judicial powers with the power to issue warrants for the arrest of offenders. Such authority has been given to aldermen and mayors. The prisoner, when arrested, is required to be taken, however, before a magistrate having judicial powers, for examination or trial.

The defendant was a resident of Medina. She committed the crime there. Under the advice of her counsel, with a view to raising the question, she left the village, and was found by the officer, and arrested, outside of the village limits, and taken before the police magistrate. Her counsel failed to raise the question of the jurisdiction of the court to try the defendant. The trial proceeded, and it appears from the record that an adjournment was had by consent of the defendant, and the undertaking was thereupon given. The doctrine contended for by the appellant would necessarily lead to great inconvenience and absurd results. If, after committing the offense, the criminal steps outside the village limits, some other official beside the police justice must be applied to for a warrant. When the offender is secured, he must be taken before the police justice for examination or trial. We are not prepared to assent to this doctrine. Warrants issued by police magistrates of cities and villages have been, ever since the courts were created, executed in the counties outside of the limits of the city or village, and we are not aware of any adjudicated case where the question was presented holding that they cannot be thus executed. We are referred by the appellant's counsel to several authorities, where, in the opinions of the court, language is used which may be claimed to sustain the appellant's contention; but, upon an examination of the cases, it will be found that the question here presented was not before the court of decision. In the case of *People* v. *Terry*, 108 N. Y. 1, 14 N. E. Rep. 815, the defendant was charged with committing a crime in the village of Canton. He was, so far as the case shows, arrested in the village; hence the question here presented was not before that court. In the case of *Landers* v. *Railroad Co.*, 53 N. Y. 450, it was held that the process issued out of the city court of Brooklyn could not be served outside of the city of Brooklyn. In that case the cause of action arose, and the process was served, in the city of New York, so that the court had not jurisdiction of the subject-matter. It was held in the case of *Bank* v. *Bradley*, 19 N. Y. 245, that, in an action where the cause of action arose in the city of Buffalo, a summons issued out of the superior court of that city could be served upon a party outside of the limits of the city. The case was decided when the superior court was not a constitutional court, and its jurisdiction was limited to causes of action arising in the city, unless the process was served upon the defendant in the city. We think the police court had jurisdiction of the defendant, and of the proceeding, and had power to accept the undertaking given by the defendants. We have examined the question raised by the appellant as to the form of the bond. While it is somewhat informal, we think it substantially conforms to the form of undertaking provided by the Code of Criminal Procedure. The judgment appealed from should be affirmed. All concur.